[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13095
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-00054-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRAH A. SALTERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 7, 2012)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Terrah Salters appeals his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).[1]   Salters argues that the district court erred in denying his motion for a judgment of acquittal because there was insufficient evidence that he knowingly possessed a firearm, which is a necessary element of his conviction.   See United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009) (indicating that to establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt that the defendant: (1) was a convicted felon; (2) knowingly possessed a firearm; and (3) the firearm was in or affecting interstate commerce).   Salters also argues that his mere presence in the area where a firearm was found or awareness of its location is not sufficient to establish possession.   Id.

We review de novo a district court's denial of a motion for judgment of acquittal on sufficiency of evidence grounds.   United States v. Friske, 640 F.3d 1288, 1290 (11th Cir. 2011).   We consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor.   Friske, 640 F.3d at 1290-91 (citation omitted). When the government relies on circumstantial evidence, a conviction must be

---

[1] § 922(g)(1) provides that "[i]t shall be unlawful for any person who has been convicted in any court of [a felony] . . . to . . . possess in or affecting commerce, any firearm or ammunition."

2

supported by reasonable inferences rather than mere speculation.    Id. (citing United States v. Mendez, 528 F.3d 811, 814 (11th Cir. 2008)).

We are satisfied that sufficient evidence from the testimony of two officers on the scene was presented from which a jury could have inferred that Salters knowingly possessed a firearm which he either threw out the passenger window when the car was stopped or which may have fallen from his lap when he exited the vehicle.

Officer Giordani Almonté testified that while the car was being pulled over, Salters made suspicious furtive movements, rocking his head and upper torso back and forth, and that Salters immediately exited the car after the stop.   When Salters exited the car, Almonte saw a black object fall from Salters' lap.   Almonté noted that the passenger window of the car was down and the firearm at issue and a glove were found on the ground on the passenger side of the stopped car.   A pair of black gloves similar to the glove that was found on the ground near the firearm was located inside the car.   Although it turned out that the object Almonte saw fall out of Salters' lap was a ski mask, a jury could infer that other objects such as the firearm and glove could also have fallen from his lap.   The testimony of both Almonté and Officer Thompson, who was on the scene, also negated the possibility that the firearm had been on the ground prior to the stop.   Both officers testified that the

3

ground was wet from rain when Almonté picked up the firearm but that the firearm was dry except for the side touching the wet ground and that there was no moisture inside the firearm.   Officer Thompson also testified that he examined the firearm with a flashlight and determined that the top of the gun was clear and free of debris or moisture, that the ground upon which it sat was wet, and that the firearm itself was wet only on the side that touched the ground.   Special Agent Daniel O'Kelley from the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified that any areas in which the firearm was rusted came from normal use and not from being left in the rain, which would have resulted in more extensive rusting than that which was present.

The totality of this testimony, in the light most favorable to the government and drawing all reasonable inferences and credibility choices in the government's favor, is sufficient to permit a jury to conclude beyond a reasonable doubt that Salters knowingly possessed a firearm before it was thrown from or fell from the vehicle. Thus, the district court did not err in denying Salters's motion for a judgment of acquittal.

**AFFIRMED**